**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1393EA

_____

Harold Bryan,                                              *
                                                          *
             Appellant,                                   *
                                                          *
       v.                                                 *
                                                          *
                                                          *
Roger V. Endell, Former Director,                         *
Individually and in Official Capacity,                    *
Arkansas Department of Correction;                        *
Willis H. Sargent, Warden, Diagnostic                     *    On Appeal from the
Unit, Individually and in Official                        *    United States District Court
Capacity, Arkansas Department of                          *    for the Eastern District
Correction; John Byus, Individually and *                      of Arkansas.
in his Official Capacity as Medical                       *
Services Administrator of the Arkansas                    *    [To Be Published.]
Department of Correction; Sandy                           *
Clements, Individually and in Official                    *
Capacity as Infirmary Supervisor for                      *
PHP Healthcare Corporation;                               *
H.B. Bailey, Individually and in                          *
Official Capacity as X-ray Technician                     *
for PHP Healthcare Corporation; and                       *
Donna Taylor, Nurse, Individually and                     *
in Official Capacity as Practicing Nurse *
for PHP Healthcare Corporation,                           *
                                                          *
             Appellees.                                   *

_____

Submitted:  April 14, 1998

Filed:  April 23, 1998

_____

Before RICHARD S. ARNOLD,[1] Chief Judge, LAY and LOKEN, Circuit Judges.

_____

PER CURIAM.


This is an action under 42 U.S.C. § 1983 brought by an inmate of the Arkansas Department of Correction.  The claim is that the defendants were deliberately indifferent to a serious medical need of the plaintiff, to his damage, thereby violating the Eighth Amendment, as made applicable to the states by the Due Process Clause of the Fourteenth Amendment.  The parties consented to disposition by a magistrate judge, and the plaintiff waived his right to trial by jury.  The case was tried, and the judge[2] announced his findings of fact and conclusion of law from the bench the next day.


We applaud this practice.  Many cases, especially those in which the trial has been short, can be best disposed of in this way.  The witnesses and events are fresh in the judge's mind, and the parties and their lawyers usually prefer a prompt disposition to a more elaborate opinion which would require some days or weeks to prepare.

_____

[1]The Hon. Richard S. Arnold stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998.  He has been succeeded by the Hon. Pasco M. Bowman II.

[2]The Hon. John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

On appeal, of course, we review the findings of fact of the District Court under the clearly erroneous standard. Fed. R. Civ. P. 52(a); Estate of Davis by Ostenfeld v. Delo, 115 F.3d 1388, 1393 (8th Cir. 1997). There is no doubt that the plaintiff had a serious medical need. His hand had been broken. There is also no doubt that the medical care given him left something to be desired. There was some delay in treating the hand properly, and this delay has apparently made surgery impractical. But even if the treatment was inadequate, and even if the inadequacy would have amounted to negligence in a state-law tort case claiming medical malpractice, more must be shown to establish a constitutional violation. There must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness. See Farmer v. Brennan, 511 U.S. 825, 835-37 (1994); Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir. 1993). In the present case the magistrate judge carefully considered the evidence with respect to each of the defendants who were still in the case at the time of trial. In each instance, the judge found that the defendants did not possess the necessary subjective mental state. No purpose would be served by detailing the facts. The judgment is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.